BARTLETT, Respondent, v. BARTLETT, Appellant.

(168 N. W. 633).

(File No. 4276.   Opinion filed July 22, 1918.   Rehearing denied
September 6, 1918.)

1.  **Appeals—Error—No Exceptions—Non-reviewable Record.**
    No exception having been saved to alleged error in trial
    court's instructions, such matter is not reviewable on appeal.

2.  **Trials—Comment on Evidence—Withdrawal of Comment—Counsel's Apology for Exception To, Effect, As Withdrawal of Exceptions.**
    Trial court, in denying motion for a directed verdict, having
    given its reason therefor in jury's presence, withdrew said
    reasons upon exception being taken, and instructed jury to
    disregard the statement; counsel who took exception to the
    statement thereupon apologized to the court.   Held, that the
    apology was intended and considered as a withdrawal of the
    exception.

3.  **Trials—Defendant's Cross Examination, Court's Admonition re
    Manner of Answering Questions, Whether Abuse of Discretion.**
    Where, upon cross-examination of the defendant in a civil
    action, trial court admonished defendant to answer questions in
    a decent and respectful way and that if he did not he "will pay
    some of the expenses of this court," and that he must not talk
    back to the court, held, that such admonition was not an abuse
    of judicial discretion; defendant's attitude being flippant and
    insulting, he frequently volunteering matter not responsive to
    questions.

4.  **Damages—Personal Assault—Excessive Force—Conflicting Evidence, Submission of to Jury, Whether Error.**
    The issue in a suit for damages for personal assault, being
    whether defendant used more force than reasonably necessary,
    the evidence being largely conflicting, held, evidence was sufficient to justify submission of question to jury.

5.  **Damages—Personal Assault—Verdict, Whether Excessive for
    Passion and Prejudice.**
    The evidence, in a suit for damages for personal assault by
    plaintiff's former husband, showing defendant several times
    kicked plaintiff, dragged her around the room, bent her backward over a table, the injury causing displacement of the
    uterus, held, that verdict for $1500 was not excessive as showing passion and prejudice.

Appeal from Circuit Court, Brown County.   HON. THOMAS
L. BOUCK, Judge.

Action by Mary F. Bartlett, against Milton H. Bartlett, to
recover damages for personal assault.   From a judgment for plain-

tiff, and from an order denying a new trial, defendant appeals. Affirmed.

*James M. Brown,* for Appellant.

*Van Slyke & Bartlett,* for Respondent.

(2) To point two of the opinion, Appellant cited:

Bierkamp v. Bethuin, (Ia.) 155 N. W. 819; Booren v. Mc-Williams, (N. D.) 145 N. W. 410.

GATES, J. Plaintiff and defendant, after having reared a family of children, became divorced. At the time of the divorce, they entered into a written stipulation by which this plaintiff was given permission to take from their home certain household articles. Several months thereafter in endeavoring to remove these articles, and some which defendant denied her right to, she was assaulted by defendant. This action was brought to recover damages therefor. From a judgment for plaintiff in the sum of $1,500 and from an order denying a new trial, defendant appeals.

Appellant's brief contains many assignments of error, but only four propositions are argued, viz.: Misconduct of the court; insufficiency of the evidence to sustain the verdict; excessive damages appearing to have been given under the influence of passion or prejudice; and errors in the instructions to the jury.

[1] But as no exception was saved to the instructions complained of, that matter is not before us.

[2] In denying the motion of defendant for a directed verdict at the close of plaintiff's case, the trial court, in the presence of the jury, gave its reasons therefor, which more appropriately should have been stated in the absence of the jury. Upon exception being taken, the court disclaimed any intention of commenting upon the weight of the evidence, instructed the jury to disregard the statement, and expressed to defendant's counsel its willingness to make any further statement to the jury so that the matter might be corrected. Without making any further suggestion, counsel apologized to the court, and the incident appears to be closed. As we view the record, such apology was clearly intended, and was considered, as a withdrawal of the exceptions. While we are fully aware of the liability of jurors to be influenced by remarks from the bench, we are unable to say that prejudicial error appears from the record.

[3] Upon the cross-examination of defendant, the trial court said:

"Now, Mr. Bartlett, you will please answer the questions as they are asked, and you will do it in a decent and respectful way, and if you don't you will pay some of the expense of this court, and you don't want to talk back to the court either."

Enough of the record is disclosed to show the defendant's attitude upon the witness stand to have been flippant and insulting, and that he frequently volunteered matter not responsive to questions propounded. Unfortunately, the printed record cannot disclose a phonographic reproduction of the voice of the witness nor a photographic reproduction of his manner upon the witness stand. We are unable to say from the record that the trial court abused that judicial discretion that is committed to it.

[4] The gist of the cause of action was whether in attempting to prevent plaintiff from taking the property the defendant used more force than was reasonably necessary under the circumstances. The evidence was largely conflicting, but there was sufficient evidence offered on plaintiff's behalf to justify a submission of the question to the jury.

[5] There was evidence tending to show that defendant kicked plaintiff in the back a number of times; that he dragged her around the room, tore her dress, bent her backward over the kitchen table; that there were bruises on her body; and that the injuries caused a displacement of the uterus. We think there is no basis for appellant's contention that the size of the verdict showed passion and prejudice on the part of the jury.

The judgment and order appealed from are affirmed.